Matter of Jordan (2023 NY Slip Op 03752)

Matter of Jordan

2023 NY Slip Op 03752

Decided on July 06, 2023

Appellate Division, First Department

PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 06, 2023
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Dianne T. Renwick
Presiding Justice
Cynthia S. Kern Lizbeth González Manuel Mendez Bahaati E. Pitt-Burke
Justices.

Motion No. 2023-01757 Case No. 2023-01872 

[*1]In the Matter of Jack R.T. Jordan, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Jack R.T. Jordan (OCA Atty. Reg. No. 2882777), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Jack R.T. Jordan, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on March 2, 1998.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallejo, of counsel), for petitioner.
Respondent pro se.

PER CURIAM 

Respondent Jack R. T. Jordan was admitted to the practice of law in the State of New York by the First Judicial Department on March 2, 1998. Respondent maintains a registered business address in Missouri. As the admitting Judicial Department, this Court retains continuing jurisdiction over respondent (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.7[a][2]).
By order entered October 21, 2022, the Supreme Court of Kansas disbarred respondent for submitting multiple federal court filings in litigation initiated to obtain access to an email under the Freedom of Information Act (FOIA) in which he repeatedly and baselessly accused federal judges of lying about the email's contents, lying about the law, and committing crimes, which included allegedly conspiring with others to conceal the email at issue.
The Attorney Grievance Committee (AGC) seeks an order, pursuant to Judiciary Law § 90(2), 22 NYCRR 1240.13, and the doctrine of reciprocal discipline, finding that respondent has been disciplined by a foreign jurisdiction, directing him to demonstrate why discipline should not be imposed in New York for the misconduct underlying his discipline in Kansas, and disbarring him, or, in the alternative, imposing such sanction as this Court deems appropriate. Respondent opposes the motion.
Respondent's wife was injured at the U.S. Consulate in Iraq and respondent brought an action on her behalf under the Defense Base Act. In connection with the action, respondent made a request for an email from the U.S. Department of Labor (DOL). However, an Administrative Law Judge denied production of an unredacted version of the email after determining that the email contained information protected by the attorney-client privilege. Thereafter, respondent made a FOIA request to the DOL for certain documents, including an unredacted version of the email. However, respondent's FOIA request was denied. Respondent then brought an action against the DOL in the U.S. District Court for the District of Columbia seeking production of an unredacted version of the email. That court ruled that the email was protected by attorney-client privilege and its decision was affirmed on appeal.
In August 2018, respondent, pro se, filed a lawsuit against the DOL in the U.S. District Court for the Western District of Missouri, again challenging the denial of his FOIA request, which was assigned to Judge Ortrie Smith. Judge Smith granted the DOL's [*2]motion to dismiss the portion of respondent's complaint relating to the email and the U.S. Court of Appeals for the Eighth Circuit affirmed. At the same time, respondent also represented two individuals who brought actions seeking the release of the email. These cases were also assigned to Judge Smith, who stayed both matters pending the adjudication of respondent's ultimately unsuccessful appeal to the Eighth Circuit.
In November 2019, respondent filed a motion to lift the stay in which he baselessly alleged that Judge Smith had knowingly and willfully violated federal law, was helping government counsel to commit crimes, and that Judge Smith must be disqualified if he failed to promptly remedy his illegal conduct. By January 8, 2020 orders, Judge Smith denied respondent's motion and directed him and his client to show cause as to why they should not be held in contempt and directed that the contempt proceeding be randomly assigned to another judge.
The contempt proceeding was assigned to Chief Judge Beth Phillips, who directed respondent and his client to show cause as to why they should not be held in contempt or sanctioned for making baseless accusations against Judge Smith. In his responses to Chief Judge Phillips, respondent reiterated his accusations against Judge Smith and also alleged that Chief Judge Phillips had knowingly engaged in criminal conduct. By March 4, 2020 order, Chief Judge Phillips sanctioned respondent $1,000 and referred him to disciplinary authorities. Respondent refused to pay the sanctions and submitted additional filings in which he sought reconsideration of the sanctions order, continuing to level accusations of unethical and illegal conduct against the two judges.
By June 30, 2020 order, Judge Smith denied respondent's motion for reconsideration and warned him that continued frivolous and scurrilous motion practice on his part would result in additional sanctions and disciplinary referrals. Undeterred, respondent continued to submit filings impugning Judge Smith, who by July 6, 2020 order enjoined respondent and his client from submitting further filings without the prior approval of the court. In response, respondent filed a motion for leave to appeal to the Eighth Circuit in which he continued to allege unethical and criminal conduct on the part of Judge Smith. By July 20, 2020 order, Judge Smith permitted the filing of the notice of appeal, sanctioned respondent $500, forbade any further filings by respondent or his client, and referred respondent to disciplinary authorities.
In his appellate filings, respondent continued to make accusations of unethical and illegal conduct against Judge Smith and other federal judges. On July 30, 2021, the Eighth Circuit affirmed the sanctions. In August 2021, respondent submitted filings to the Eighth Circuit requesting a published opinion and attacking the competency and ethics of the judges on the court, stating, inter alia, that they were "essentially con men perpetrating [*3]a con," had "lied repeatedly" and "show[n] blatant disrespect for clearly controlling authority," and had acted "[i]n a truly evil and utterly loathsome manner." By August 6 and 9, 2021 orders, the Eighth Circuit denied respondent's motions, ruled that no further filings would be accepted from him except for a proper petition for rehearing, referred him to disciplinary authorities, and ordered him to show cause as to why he should not be suspended or disbarred from practice before the Eighth Circuit.
Respondent continued his attacks against Judge Smith and Chief Judge Phillips in his submissions in the Eighth Circuit disciplinary proceeding. By November 2, 2021 order, the Eighth Circuit disbarred respondent, denied his subsequent motion to vacate the disbarment order and enjoined him from making any further filings, including filings related to his disbarment.
In August 2021, the Deputy Disciplinary Administrator for the Kansas Board for Discipline of Attorneys filed a formal complaint charging respondent with litigation related misconduct before two federal courts.
In January 2022, a one-day hearing was held before a three-member Hearing Panel at which respondent maintained that his ad hominem attacks against Judge Smith and Chief Judge Phillips were justified. By March 16, 2022 report, the Hearing Panel unanimously found by clear and convincing evidence that respondent's actions constituted professional misconduct in violation of the Kansas Rules of Professional Conduct rules 3.1 (frivolous claims and contentions), 3.4(c) (knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists), 8.2(a) (making false or reckless statements regarding qualifications or integrity of a judge), 8.4(d) (conduct prejudicial to the administration of justice) and 8.4(g) (other conduct that adversely reflects on the lawyer's fitness to practice law).
The Hearing Panel further found that respondent had intentionally violated his duty to the legal system and to the legal profession and had caused injury to both. It also found that his misconduct was aggravated by his disbarment by the Eighth Circuit, his obstruction of the disciplinary process by asserting his Fifth Amendment privilege in bad faith, his misrepresentations to the Hearing Panel concerning opposing counsel's pre-hearing conduct, his substantial experience in the practice of law (over 20 years) and his refusal to acknowledge the wrongful nature of his conduct.
While the Hearing Panel noted that the imposition of other penalties or sanctions on respondent were recognized in mitigation, it also noted that respondent had not presented any evidence that he had paid the $1,500 in court-imposed sanctions. Based on this record, the Hearing Panel unanimously recommended disbarment.
Respondent filed exceptions to the Hearing Panel's report in the Kansas Supreme Court and argued that discipline could not be imposed because his [*4]statements were protected by the First Amendment and that his allegations against both judges had not been proven false. As noted, by order and decision of October 21, 2022, the Kansas Supreme Court rejected respondent's arguments, affirmed the Hearing Panel's misconduct findings and sanction recommendation, and disbarred him.[FN1]
In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13, respondent may raise the following defenses: (1) lack of notice or opportunity to be heard in the foreign jurisdiction constituting a depravation of due process, (2) an infirmity of proof establishing the misconduct, or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (see Matter of Milara, 194 AD3d 108, 110 [1st Dept 2021]).
The AGC argues that none of the enumerated defenses apply because the record establishes that respondent was served with a copy of the formal complaint, presented and argued multiple motions and responses to motions wherein he thoroughly briefed his arguments and was provided the opportunity to present evidence on his own behalf. The AGC further argues that the conduct for which he was disciplined in Kansas constitutes violations of parallel disciplinary provisions in New York. Finally, the AGC argues that the order issued by the Supreme Court of Kansas disbarring respondent does not deviate materially from precedent of this Court involving arguably comparable misconduct.
By affidavit and memorandum, respondent opposes the imposition of reciprocal discipline and asserts all three enumerated defenses thereto. Respondent argues that his due process rights under Kansas's statutes and the First, Fifth, and Fourteenth Amendments were violated because his statements concerning the federal judges were entitled to a heightened degree of freedom of speech protection and could only be punished if proven false, which he maintains was not the case. As to the infirmity of proof defense, he argues that the written findings made by the federal judges concerning his conduct were based on hearsay evidence which should not have been admitted against him in the Kansas disciplinary proceeding. Additionally, he argues that given the claimed lack of proven falsity of his statements regarding the judges, they cannot be found violative of the Kansas and New York Rules of Professional Conduct. Respondent made very similar, if not the same, arguments in the Kansas disciplinary proceeding, all of which were rejected.
In reply, the AGC maintains that, notwithstanding respondent's arguments, none of the enumerated defenses to reciprocal discipline apply herein.
The AGC's motion should be granted because none of the enumerated defenses to reciprocal discipline apply herein. Respondent received notice of the charges and mounted a full and vigorous defense, the record fully supports the Kansas Supreme Court's misconduct findings and the misconduct for which he was disciplined [*5]in Kansas constitutes misconduct in New York in violation of the Rules of Professional Conduct (22 NYCRR 1200.00) rules 3.1. 3.4(c), 8.2(a), 8.4(d), and 8.4(h).
With respect to the appropriate sanction to be imposed, as a general rule this Court defers to the sanction imposed by the jurisdiction in which the charges were originally brought because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct (see Matter of Milara, 194 AD3d at 111; Matter of Tabacco, 171 AD3d 163 [1st Dept 2019]; Matter of Blumenthal, 165 AD3d 85 [1st Dept 2018]). Only rarely does this Court depart from the general rule (see Matter of Karambelas, 203 AD3d 75 [1st Dept 2022]; Matter of McHallam, 160 AD3d 89 [1st Dept 2018]).
Therefore, disbarment is the appropriate sanction herein as it is commensurate with the discipline imposed in Kansas and is in general accord with precedent involving arguably comparable misconduct (see Matter of Zappin, 160 AD3d 1 [1st Dept 2018], appeal dismissed 32 NY3d 946 [2018], lv denied 32 NY3d 915 [2019]; Matter of Fagan, 58 AD3d 260 [1st Dept 2008], lv dismissed 12 NY3d 813 [2009]; Matter of Heller, 9 AD3d 221 [1st Dept 2004], lv denied 3 NY3d 607 [2004]).
Accordingly, the AGC's motion for an order disbarring respondent pursuant to Judiciary Law § 90(2), 22 NYCRR 1240.13, and the doctrine of reciprocal discipline should be granted and respondent is hereby disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York.
All concur.
It is Ordered that the Attorney Grievance Committee's motion for reciprocal discipline pursuant to 22 NYCRR 1240.13, predicated upon similar discipline imposed by the Supreme Court of Kansas, is granted, and respondent Jack R. T. Jordan is disbarred and his name stricken from the roll of attorneys in the State of New York, effective immediately, and until further order of this Court, and
It is further Ordered that pursuant to Judiciary Law § 90, respondent Jack R.T. Jordan is (1) commanded to desist and refrain from the practice of law in any form, either as principal or agent, clerk or employee of another, or from holding himself out in any way as an attorney and counselor-at-law; (2) forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board or commission or other public authority; (3) forbidden to give another an opinion as to the law or its application or advice in relation thereto, and (4) forbidden from holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that respondent Jack R.T. Jordan is directed to fully comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made a part hereof; and
It is further Ordered that if respondent has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: July 6, 2023

Footnotes

Footnote 1: By order of April 24, 2023, the United States Supreme Court suspended respondent from the practice of law, predicated on his disbarment by the Supreme Court of Kansas. By order of June 5, 2023, the United States Supreme Court disbarred respondent.